UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-11839-DMG (SKx)** | Date | November 5, 2026 |
| Title | ***Richie Kharrat v. Progressive Direct Insurance Company, et al.*** | Page | 1 of 2 |

Present: The Honorable DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEREK DAVIS | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 9 2026, Defendants Progressive Direct Insurance Company and Ben Sehi removed this action from the Los Angeles County Superior Court on the basis of diversity jurisdiction under 28 U.S.C. section 1332(a). *See* Notice of Removal ("NOR") [Doc. # 1].

Under 28 U.S.C. section 1332(a)(1), the Court has original jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). In a case that has been removed from state court, "the proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). The removal statute, 28 U.S.C. section 1441(a), is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected. *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

First, Defendants have not adequately alleged Plaintiff's citizenship in a non-conclusory manner to allow the Court to meaningfully ascertain whether complete diversity exists in this action. *See* NOR at 1[1] ("[T]here is complete diversity of citizenship between Plaintiffs Richie Kharrat…on the one hand, and Defendants Progressive and Sehi on the other…"). Second, Defendants have not adequately alleged that the amount in controversy exceeds $75,000. Instead, Defendants conclusorily state that "the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs." NOR at 1-2. Defendants have provided insufficient facts for the

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-11839-DMG (SKx)** | Date | November 5, 2026 |
| Title | ***Richie Kharrat v. Progressive Direct Insurance Company, et al.*** | Page | 2 of 2 |

Court to determine by a preponderance of the evidence that the action satisfies the $75,000 threshold. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (concluding that the district court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" (citation omitted)).

Defendants are hereby **ORDERED TO SHOW CAUSE** in writing, no later than **November 20, 2026** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Failure to timely file a satisfactory response by this deadline will result in the remand of this action.

**IT IS SO ORDERED.**